ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'24 JUN 10 PM 1:50
KR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIDENCIO GONZALES (3)<br>a/k/a Chencho | CASE NO. 3:22-CR-00465-S |

**FACTUAL RESUME**

In support of the defendant's plea of guilty to the offense in Count Four of the second superseding indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, Fidencio Gonzales, the defendant; the defendant's attorney, David Olivas, and the United States of America (the government) stipulate and agree to the following:

**I. Elements of the Offense**

In order to establish the guilt of the defendant for the offense of possession with intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Four of the second superseding indictment, the government must prove each of the following elements beyond a reasonable doubt[1]:

*First*: That the defendant knowingly possessed a controlled substance;

*Second*: That the substance was in fact methamphetamine;

*Third:* That the defendant possessed the substance with the intent to distribute it; and

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

*Fourth:* That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Aiding and Abetting 18 U.S.C. § 2:

*First*: That the offense of possession with intent to distribute a controlled substance was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

**II. Stipulated Facts**

Fidencio Gonzales, a/k/a Chencho, admits and acknowledges that on or about November 18, 2022, in the Dallas Division of the Northern District of Texas and elsewhere, aided and abetted by others including Tony West, he knowingly possessed with intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

During the investigation underlying the second superseding indictment, law enforcement agents/officers intercepted communications discussing drug transactions from a phone used by Gonzales. For example, on November 18, 2022, interceptions of the telephonic communications revealed that Gonzales had received a shipment of methamphetamine and was going to turn over more than 50 grams of the controlled substance to West.

Specifically, at about 9:42 p.m. that day, agents intercepted a conversation between Gonzales and a female in which Gonzales said, "Hey, I got the work [a coded term for methamphetamine]. I'm going to go get it…Watch the house, I'll be there in a

minute." Thereafter, agents intercepted a conversation in which Gonzales told West, "I'm barely getting them right now, man. Where you wanna meet at?" West then asked, "Where you gonna be at?" Gonzales explained, "I'm leaving Arlington right now..." Gonzales and West agreed to meet "at Dawn's." At about 10:31 p.m., agents intercepted a text message that Gonzales sent to Alvarado that read, "My package arrived...Got them." At about 10:39 p.m., Gonzales called a different female and reported that he was "stuck in traffic Arlington." The female asked why he was in Arlington and Gonzales replied, "That's where I pick up, remember?" Gonzales also said, "My boss said, '...that's some bad ass shit you got right there, bro.'" The female asked, "The work?" Gonzales affirmed, "Hell, yeah."

At about 10:45 p.m., agents established surveillance at a residence on Southland Street in Dallas, Texas used by Gonzales and saw his black Lincoln sedan arrive at the location. At 11:09 p.m., Gonzales called West, and the following communication occurred:

Gonzales: Where you at, Tony?

West: I'm at my little spot out here.

Gonzales: Look, I made it home with these things. But they're not weighing what they're supposed to do. So, I'm finna call 'em and see what they want me to do. In the morning, just go to my room. I'm a have you 5 over there, okay?

West: Okay, bubba.

Gonzales: I owe you 1. I'm a give you 4 and I'll owe you 1.

West: You owe me 1 and 228 (PH).

Gonzales: Yeah, and I'm give you 4. Or 5. Either or.

| | |
|---|---|
| West: | Okay, bubba. |
| Gonzales: | Alright. You know where I'm at, just don't call me, just go right there. |
| West: | Okay. |
| Gonzales: | Bye, bye. |

At about 11:15 p.m., agents saw Gonzales' Lincoln depart; they followed it to the Days Inn, where it backed up near a room known used by Gonzales. At about 11:30 p.m., Gonzales exited the Lincoln's driver's side, went to the car's passenger side, removed a bag, and placed it on the ground at his room's door. He knocked on the room door and walked back to the Lincoln's passenger side, where he retrieved another bag. While he was retrieving the second bag, a second person opened the room's door from the inside and picked up the bag Gonzales had placed on the ground. The person held the door open while Gonzales carried the second bag inside the room. Agents maintained surveillance on the room for approximately another hour, but did not observe any additional activity.

The following morning (November 19, 2022), agents returned to the Days Inn and saw Gonzales' sedan still backed up near his room. At about 11:06 a.m., agents saw West arrive at the Days Inn in a black 2001 Ford truck, exit the truck empty-handed, and enter Gonzales' room. West remained inside the room for approximately 30 minutes before departing. When West and Gonzales exited Gonzales' room, West carried a white plastic bag in his right hand. West entered his truck, and Gonzales entered his Lincoln. Both departed in tandem, with Gonzales leading. Agents followed the pair as they traveled south of downtown Dallas to Gonzales' residence on Southland Street.

As officers pulled up near West's truck, Gonzales entered the house. West ignored officers' commands and fled. DPD officers in a helicopter followed West as he fled, and they directed officers on the ground to a white plastic bag thrown by West during his flight. The bag contained 1,273 grams of methamphetamine.

Later the same day, agents intercepted conversations in which Gonzales explained to another that he provided West with a kilogram and a half and was going to his residence to get four or five more kilograms of methamphetamine to give to West. The person told Gonzales to be careful. Gonzales stated he was working on finding another motel.

Gonzales agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking charge as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support his guilty plea to Count Four of the second superseding indictment.

AGREED AND STIPULATED on this 10 day of JUNE, 2024.

Fidencio Gonzales
Fidencio Gonzales
Defendant

David Olivas
Attorney for Defendant

JOHN KULL
Assistant United States Attorney
Texas State Bar No. 00791057
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8803
Email: john.kull@usdoj.gov