UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, Plaintiff,

VS. No. 3:22-CR-465-S-(3)

FIDENCIO GONZALES, also known as Chencho, Defendant.

REARRAIGNMENT HEARING
BEFORE THE HONORABLE REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE
OCTOBER 8, 2024
DALLAS, TEXAS

FOR THE PLAINTIFF:

JOHN KULL
UNITED STATES ATTORNEY'S OFFICE
1100 Commerce Street, Suite 300
Dallas, TX 75242
(214) 659-8600

FOR THE DEFENDANT:

DAVID R. OLIVAS
OLIVAS LAW, PLLC
2608 Hibernia Street, Suite 209
Dallas, TX 75204
(214) 550-0921

Proceedings reported by mechanical stenography; transcript produced by computer-aided transcription.

DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
Federal Official Court Reporter
1100 Commerce Street, 15th Floor
Dallas, TX 75242
(214) 753-2325

(PROCEEDINGS BEGAN AT 9:27 AM.)

THE COURT: Good morning.

If the defendants and their counsel would continue to remain standing. Everyone else can have a seat.

We're going to begin. I will call the cases that are on the docket. And, counsel, when you hear your case, if you would, please, put your appearance on the record.

First is *United States versus Luis Salamanca*, Case 3:19-CR-525-L, Defendant No. 2.

MR. McCALLUM: Marshall McCallum for Mr. Salamanca.

THE COURT: Thank you.

And who's here for the Government?

MS. ROX-LOVE: Good morning, Your Honor. Lakeita Rox-Love for the United States.

THE COURT: Thank you.

Next, I have *United States of America versus Christopher Jenkins*, Case 3:23-CR-342-S, Defendant No. 1.

MS. WINTERS: Michelle Winters for the United States. Good morning.

THE COURT: Good morning.

MS. PEDRAZA: Good morning, Your Honor. Maria Pedraza with the Federal Defenders on behalf of Mr. Jenkins.

THE COURT: Thank you.

Then I have *United States of America versus Fidencio Gonzales*, Case 3:22-CR-465-S, Defendant No. 3.

MR. KULL: John Kull for the next three cases, Judge.

THE COURT: Thank you. Very good.

MR. OLIVAS: David Olivas for Mr. Gonzales.

THE COURT: Thank you.

I also have *United States of America versus Guillermo Gonzalez, Jr.*, Case 3:23-CR-422-M, Defendant No. 3.

MR. CARRIZALES: Vincent Carrizales for Mr. Gonzalez, Your Honor.

THE COURT: Thank you.

And I have *United States of America versus John Alonso, Jr.*, Case 3:19-CR-648-E, Defendant No. 1.

MS. CARRERAS: Kara Carreras for Mr. Alonso, Your Honor.

THE COURT: Thank you.

And finally, *United States of America versus Shantelle Hawkins*, Case 3:23-CR-176-E, Defendant No. 1.

MS. MALONE: Heather Malone for Ms. Hawkins.

THE COURT: Thank you.

MS. SCHIESS: Good morning, Your Honor. Brynn Schiess for the United States.

THE COURT: Thank you.

All right. Now to the extent that it is required, have all of the victims of the proceedings been notified of today?

MS. SCHIESS: Yes, Your Honor.

THE COURT: All right.

MS. WINTERS: Yes, Your Honor.

MS. ROX-LOVE: Yes, Your Honor.

MR. KULL: Yes, Your Honor.

THE COURT: Thank you.

To each of the defendants: You are here today to enter a plea of "guilty" to certain charges pending against you. I'm going to put you under oath and ask you some questions to make sure you understand these proceedings, including the rights you're giving up by pleading "guilty" and to establish a factual basis for your plea.

If you would, as best you can, please raise your right hand.

Do each of you swear or affirm that the testimony you will give in your case will be the truth, the whole truth, and nothing but the truth?

DEFENDANT SALAMANCA: Yes.

DEFENDANT JENKINS: Yes.

DEFENDANT FIDENCIO GONZALES: I swear.

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes.

DEFENDANT ALONSO, JR.: Yes.

THE COURT: Very good. And ma'am?

DEFENDANT HAWKINS: Yes.

THE COURT: Thank you.

All right. Let the record reflect that each of the defendants answered in the affirmative.

You are now under oath. If you answer any of my questions falsely, the Government could use your statements against you and prosecute you for the crime of perjury.

You have the right to be represented by an attorney during these proceedings, and your attorney is here in court and standing next to you. If you need to ask your attorney a question before you answer one of mine, you are free to do so.

Each of you also has the right to enter your plea in front of the District Judge who will sentence you, but you can agree to have a Magistrate Judge, which is the type of judge that I am, conduct the plea proceeding instead. If you agree to go forward today, you will enter your plea at the end of the hearing, and I'll make a recommendation to the District Judge in your case to accept or reject your plea, but it's the District Judge who has the final authority to accept your plea and it's the District Judge who will decide your sentence.

All right. Mr. Salamanca, do you understand your right to enter your plea in front of the District Judge who will sentence you?

DEFENDANT SALAMANCA: Yes, ma'am.

THE COURT: And do you agree to waive that right and proceed before a Magistrate Judge instead?

DEFENDANT SALAMANCA: Yes, ma'am.

THE COURT: All right. Mr. Jenkins, do you understand your right to plead "guilty" in front of the District Judge who

will sentence you?

DEFENDANT JENKINS: Yes, ma'am.

THE COURT: Do you agree to waive that right and proceed before me instead?

DEFENDANT JENKINS: Yes, ma'am.

THE COURT: Thank you.

Mr. Fidencio Gonzales, do you understand your right to plead "guilty" in front of the District Judge who will sentence you?

DEFENDANT FIDENCIO GONZALES: Yes, ma'am.

THE COURT: And do you agree to waive that right and proceed before me instead?

DEFENDANT FIDENCIO GONZALES: Yes, ma'am.

THE COURT: How about Mr. Guillermo Gonzalez? Do you understand your right to plead "guilty" in front of the District Judge who will sentence you?

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes.

THE COURT: And do you agree to waive that right and proceed before me instead?

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes.

THE COURT: All right. Mr. Alonso, same questions for you.

DEFENDANT ALONSO, JR.: Yes, ma'am.

THE COURT: And Ms. Hawkins?

DEFENDANT HAWKINS: Yes, ma'am.

THE COURT: Thank you.

Under the U.S. Constitution, defendants have the right to plead "not guilty" to any offense charged against them or, if they've already entered a plea of "not guilty," to persist in that plea.

Defendants have the right to a speedy trial by a jury in this district and to be represented by an attorney at that trial.

If the defendant cannot afford to hire an attorney, the Court will appoint an attorney to represent the defendant.

At a trial, defendants are presumed innocent, and the Government has to prove their guilt beyond a reasonable doubt.

Defendants have the right to see and hear the Government's evidence and to cross-examine the Government's witnesses.

Defendants can also testify and present evidence. They can call witnesses to testify in their defense, and they can compel the production of evidence and the attendance of witnesses in their favor.

Defendants cannot be forced to testify. If they decide not to testify, a jury cannot hold that against them.

Mr. Salamanca, do you understand these constitutional rights?

DEFENDANT SALAMANCA: Yes, ma'am.

THE COURT: Mr. Jenkins?

DEFENDANT JENKINS: Yes, ma'am.

THE COURT: Mr. Gonzales?

DEFENDANT FIDENCIO GONZALES: Yes, ma'am.

THE COURT: Mr. Gonzalez?

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes, ma'am.

THE COURT: Mr. Alonso?

DEFENDANT ALONSO, JR.: Yes, ma'am.

THE COURT: And Ms. Hawkins?

DEFENDANT HAWKINS: Yes.

THE COURT: Thank you.

By pleading "guilty," defendants who give -- defendants give up their right to a trial and those other rights that go with a trial that we just reviewed.

Defendants who plead "guilty" will be convicted of a criminal offense and, as a result, they can lose certain rights, such as the right to vote, to hold public office, to serve on a jury, and the right to possess a firearm.

For defendants who are not citizens, their conviction can result in their removal from the United States, and they could be denied citizenship or admission to the United States in the future.

Mr. Salamanca, do you understand these consequences of pleading "guilty"?

DEFENDANT SALAMANCA: Yes, ma'am.

THE COURT: Mr. Jenkins?

DEFENDANT JENKINS: Yes, ma'am.

THE COURT: Mr. Gonzales?

DEFENDANT FIDENCIO GONZALES: Yes, ma'am.

THE COURT: Mr. Gonzalez?

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes, Your Honor.

THE COURT: Mr. Alonso?

DEFENDANT ALONSO, JR.: Yes, ma'am.

THE COURT: And Ms. Hawkins?

DEFENDANT HAWKINS: Yes, ma'am.

THE COURT: Thank you.

Any sentence a defendant receives will be governed by federal law. The District Judge will determine the Defendant's sentence after their consideration of the *Sentencing Guidelines* and the applicable statutes and the factors under 18 USC 3553(a).

The *Guidelines* are not binding on the Court. And because of that, defendants cannot rely on any assurances by anyone, including the prosecutor or their attorney, as to some exact sentence that they might receive because only the judge can make that decision.

The judge won't know what the *Guidelines* provide as a range of sentences until after they review a Presentence Report that's prepared by a U.S. probation officer. Probation officers interview the defendants and the Government about the case, and they make a recommendation about the application of the *Guidelines* to the facts. The defendant's degree of cooperation

with the probation officer can be a factor in the severity of the sentence.

The Presentence Report contains facts about the defendant's criminal background and the circumstances of the offense of conviction. Defendants can agree to certain facts about their case. Those facts can provide the factual basis necessary to support the guilty plea, but the judge is not bound by any agreed facts, and they can impose a sentence that ignores agreed facts or considers facts the defendant did not agree to.

Defendants have the opportunity to challenge the facts reported in the Presentence Report and the application of the *Guidelines* recommended by the probation officer. The Government has the same opportunity.

Judges then have the authority to impose a sentence that's above, below, or within the guideline range as long as those sentences are based on the facts and the law. The judge can sentence the defendant to the statutory maximum penalty if that sentence is a reasonable sentence.

Defendants have the right to appeal the sentence imposed unless they waive that right, and under some circumstances the Government also has the right to appeal.

There is no parole in the federal system. So defendants who are sentenced to a term of imprisonment will not be released early on parole. They'll be required to serve the entirety of any term of incarceration imposed except for good

time credit they might earn.

Mr. Salamanca, do you understand how sentencing generally works?

DEFENDANT SALAMANCA: Yes, ma'am.

THE COURT: Mr. Jenkins?

DEFENDANT JENKINS: Yes, ma'am.

THE COURT: Mr. Gonzales?

DEFENDANT FIDENCIO GONZALES: Yes.

THE COURT: Mr. Gonzalez?

DEFENDANT GUILLERMO GONZALEZ, JR.: Yes, ma'am.

THE COURT: Mr. Alonso?

DEFENDANT ALONSO, JR.: Yes, ma'am.

THE COURT: And Miss Hawkins?

DEFENDANT HAWKINS: Yes.

THE COURT: Defendants who are accused of crimes cannot plead "guilty" unless they are actually guilty of those crimes.

If you plead "guilty," your plea must not be because of any threat or force or coercion of any kind or because of any promises other than promises in a written Plea Agreement.

Your plea of "guilty" must be purely voluntary, and you should plead "guilty" only because you are guilty and for no other reason.

All right. We'll now proceed with each case individually. We'll start with Mr. Salamanca. Everyone else, please have a seat.

(The Court took up the cases individually at this point. Whereupon, the following proceedings resumed in *UNITED STATES OF AMERICA vs. FIDENCIO GONZALES,* Case No. 3:22-CR-465-S-(3), at 10:08 AM:)

MR. OLIVAS: Good morning.

THE COURT: Good morning.

Are you ready to begin?

THE DEFENDANT: Yes, ma'am.

EXAMINATION BY THE COURT:

Q. All right. Tell me your full name, please.
A. Fidencio Gonzales.
Q. And how old are you?
A. 41.
Q. Where were you born?
A. Dallas, Texas.
Q. Are you a U.S. citizen?
A. Yes, ma'am.
Q. Do you read, write and understand the English language?
A. Yes.
Q. Did you graduate high school?
A. No, ma'am.
Q. How far did you go?
A. Seventh grade.
Q. All right. Have you had any difficulty reading the written materials that were presented to you?

A. No.
Q. Have you had any problems communicating with your attorney?
A. No.
Q. Have you taken any medicine in the past 24 hours?
A. Just high blood pressure.
Q. All right. And did you get that medicine from a doctor --
A. Yes.
Q. -- or a nurse?
A. Yes.
Q. And did you take it according to their instructions?
A. Yes.
Q. Is there anything about that medicine or the high blood pressure condition that you took it for that makes you feel drowsy or confused right now?
A. No.
Q. All right. You know why you're here and what we're going to do?
A. Yes, ma'am.
Q. Very good. You have Mr. Olivas representing you as your attorney. Have you had enough time to talk to him about your case?
A. Yes, ma'am.
Q. And have you understood the advice that he's given you?
A. Yes.
Q. Are you satisfied with the way you've been represented?

A. Yes.

THE COURT: Do you believe your client is competent to proceed and enter a plea of "guilty"?

MR. OLIVAS: I do, Your Honor.

THE COURT: And do you believe his plea will be knowing and voluntary?

MR. OLIVAS: Yes, Your Honor.

THE COURT: Did you convey to Mr. Gonzales all formal plea offers by the Government?

MR. OLIVAS: I did, Your Honor.

THE COURT: And did he enter into a Plea Agreement with the Government?

MR. OLIVAS: He did, Your Honor.

THE COURT: All right. Did you bring a copy of the plea papers with you?

MR. OLIVAS: I did, Your Honor.

THE COURT: All right.

Q (By The Court) Sir, if you would take a look at those, please. Did you sign the Plea Agreement?

A. Yes, ma'am.

Q. And did you sign the Supplement?

A. Yes, ma'am.

Q. Did you review those with your attorney before you signed them?

A. Yes.

Q. And do you understand the terms of your Plea Agreement?
A. Yes, ma'am.
Q. Did you voluntarily enter into that agreement?
A. Yes, ma'am.
Q. And do you want the Court to accept the agreement?
A. Yes, ma'am.
Q. Your Plea Agreement provides that you're going to plead "guilty" to Count Four of the Second Superseding Indictment charging a violation of 18 USC Section 841(a)(1), (b)(1)(B) and 18 USC 2. Did you review that Second Superseding Indictment with your attorney?
A. Yes.
Q. And do you understand all the charges against you?
A. Yes.
Q. You have the right to have the full Indictment read aloud in its entirety, and I'll require Mr. Kull to do that unless you waive the right to have it read.
Will you waive the reading of the Second Superseding Indictment?
A. Yes.
Q. All right. Your Plea Agreement also references a Factual Resume. Did you sign the Factual Resume?
A. Yes.
Q. Did you review it with your attorney before you signed it?
A. Yes.

Q. Do you understand everything stated in the Factual Resume?
A. Yes.
Q. Even though you've waived reading of the full Second Superseding Indictment, Mr. Kull's going to tell you the essential elements of Count Four. They're set forth beginning on Page 1. These are the elements the Government would have to prove beyond a reasonable doubt in order to convict you of that offense.

MR. KULL: For the Distribution:

That the Defendant knowingly possessed a controlled substance;

That the substance was, in fact, methamphetamine;

That the Defendant possessed the substance with the intent to distribute it; and

That the quantity of the substance was at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

Aiding and Abetting:

That the offense of possession with intent to distribute a controlled substance was committed by some person;

That the Defendant associated with the criminal venture;

That the Defendant purposely participated in the criminal venture; and

That the Defendant sought by action to make that

venture successful.
Q (By The Court) Do you understand each of the essential elements of Count Four of the Second Superseding Indictment?
A. Yes, ma'am.
Q. Do you admit that you committed those elements?
A. Yes, ma'am.
Q. Your Factual Resume contains "Stipulated Facts" beginning on Page 2. Are those "Stipulated Facts" true and correct?
A. Yes.
Q. Your Plea Agreement also sets forth the minimum and maximum penalties the Court can impose.
Mr. Kull, will you, please, state those penalties aloud?
MR. KULL: Yes, Your Honor.
The minimum and maximum penalties the Court can impose for the count of conviction include:
Imprisonment for a period of not less than five years and not to exceed 40 years;
A fine not to exceed five million dollars or twice any pecuniary gain to the Defendant or loss to the victim;
A term of supervised release of at least four years and up to life which is mandatory under the law and will follow any term of imprisonment. If he violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;
A Mandatory Special Assessment of $100;

Restitution to victims or to the community which is mandatory under the law and which he agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

Costs of incarceration and supervision;

Forfeiture of property, and

Upon conviction of an offense involving distribution of a controlled substance, he is in the discretion of the Court subject to denial of any or all federal benefits as defined in 21 United States Code Section 862(d) as in "David" for a period of up to five years.

Q (By The Court) Do you understand the penalties you face for a conviction?

A. Yes, ma'am.

Q. All right. Your Plea Agreement provides that Judge Scholer is going to impose a sentence after she considers the *U.S. Sentencing Guidelines*. The *Guidelines* are not binding on Judge Scholer, and she could impose a sentence that's greater than you expect. If that happens, you won't be able to withdraw your guilty plea based solely on that fact.

Did you and your attorney talk about how the *Guidelines* might apply to your case?

A. Yes, ma'am.

Q. And do you understand the sentence Judge Scholer ultimately imposes might be different from any estimate that Mr. Olivas has

given you?
A. Yes, ma'am.
Q. As part of your Plea Agreement, you've agreed to give truthful information concerning your participation in the offense of conviction, to pay a Special Assessment of $100, to cooperate with the Government to satisfy any financial obligation imposed by the Court, including any order of restitution, and not to challenge the forfeiture of any property noted as subject to forfeiture in the Indictment or seized during the investigation underlying your case.

The Government has agreed not to bring any additional charges against you based on the conduct underlying and related to your plea and to dismiss, after sentencing, any remaining charges in the Second Superseding Indictment.

This agreement is limited to the U.S. Attorney's Office for the Northern District of Texas and does not bind any other prosecuting authorities or prohibit any civil or administrative proceeding against you.

If you violate any provision of the Plea Agreement or your guilty plea is vacated or withdrawn, then the Government would be free from any obligations under the Plea Agreement and could prosecute you for any offenses that it knows about.

You also have waived most of your rights to appeal your conviction and sentence or challenge that conviction and sentence in a collateral proceeding. You've reserved only the right to

bring a direct appeal of a sentence that exceeds the statutory maximum or arithmetic errors at sentencing and to challenge the voluntariness of your plea or the waiver of your appellate rights and to bring a claim of ineffective assistance of counsel.

Did you and your attorney discuss your rights to appeal and challenge your conviction and sentence?

A. Yes, ma'am.

Q. And do you understand that you are giving up those rights except as set out in your Plea Agreement?

A. Yes, ma'am.

Q. Has anyone threatened you or tried to force you to plead "guilty" in this case?

A. No.

Q. Other than the promises in your Plea Agreement, has anyone promised you anything in exchange for your guilty plea?

A. No, ma'am.

Q. All right.

THE COURT: Mr. Olivas, do you know of any legal reason why your client should not plead "guilty?"

MR. OLIVAS: No, Your Honor.

Q (By The Court) Sir, how do you plead to Count Four of the Second Superseding Indictment?

A. Guilty.

THE COURT: I find you are fully competent to enter an informed plea. I find your plea of "guilty" to Count Four of the

Second Superseding Indictment is knowing and voluntary and it's supported by an independent basis in fact that contains each of the essential elements of that offense.

I'm going to recommend to Judge Scholer that she accept your plea and adjudge you guilty of the offense charged in Count Four of the Second Superseding Indictment.

I'm also going to recommend that you remain in custody pending sentencing.

If you have any objections to my recommendation, you need to file those in the next 14 days. Judge Scholer is going to enter a Scheduling Order. She'll require the Presentence Report to be completed by January 7th, and she'll set your sentencing hearing for February 25th.

DEFENDANT GONZALES: Okay.

THE COURT: Do you have any questions?

DEFENDANT GONZALES: No, ma'am. Thank you.

THE COURT: Good luck to you.

DEFENDANT GONZALES: Thank you.

THE COURT: Thank you.

MR. OLIVAS: May I be excused?

THE COURT: Yes. Thank you for your patience.

MR. OLIVAS: Thank you, Your Honor.

(Hearing adjourned at 10:16 AM.)

CERTIFICATE OF OFFICIAL REPORTER

I, Deborah A. Kriegshauser, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of Texas, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 21st day of October, 2025.

/s/ Deborah A. Kriegshauser

DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER